IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MEZZ III, LLC, §
 §
     Plaintiff, §
 §
VS. § NO. 4:17-CV-602-A
 §
STEPHEN KEENAN, ET AL., §
 §
     Defendants. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Karen Repokis ("Repokis") to dismiss. The court, having considered the motion, the response of plaintiff, Mezz III, LLC, the reply, the record, and applicable authorities, finds that the motion should be granted in part.

I.

Plaintiff's Claims

The operative pleading is plaintiff's third amended complaint filed November 9, 2017 (hereinafter the "complaint"). Doc.[1] 58. In it, plaintiff alleges:

In October 2009, EmVation, a company owned and operated by defendants, signed a promissory note secured by mortgage, a copy of which is attached as Exhibit 2 to the complaint.[2] Doc. 58 at 3, ¶ 10. Stephen Keenan ("Keenan") and Repokis personally

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

[2] The note reflects that the name of the borrower was EMVATION HR, INC.

guaranteed the note. Id. at 3-4, ¶¶ 11-12. On April 20, 2016, the lender, Private Placement Capital Notes II, LLC ("PPCN"), assigned the note, guarantees, and related agreements to plaintiff. Id. at 5, ¶14 & Ex. 1. In May 2016, Keenan, EmVation and Donald Locke ("Locke") signed an acknowledgment agreement, which recognized the transfer of the note to plaintiff. Id. at 5, ¶ 16 & Ex. 1. Repokis was aware of and approved or otherwise consented to the terms of the acknowledgment agreement. Id. at ¶ 18.

Plaintiff asserts causes of action against Repokis for breach of guaranty, promissory estoppel, and unjust enrichment.

II.

Grounds of the Motion

Repokis urges that plaintiff has failed to state a plausible claim against her. In addition, she says that limitations bars each of the claims. Further, plaintiff's failure to make demand before filing suit bars its claim for breach of the guaranty agreement.

III.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement

2

of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not

shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

IV.

Analysis

A. Limitations

As noted in the court's October 31, 2017 order granting leave to file the complaint, matters such as limitations and whether the guaranty was in fact signed by Repokis are better addressed by motion for summary judgment. Doc. 55.

B. Breach of Guaranty

Although the complaint is poorly worded, plaintiff has pleaded facts to support a plausible claim against Repokis for breach of her guaranty agreement.

C. Promissory Estoppel

Under Texas law, "[w]hen a promisor induces substantial action or forbearance by another, promissory estoppel prevents any denial of that promise if injustice can be avoided only by enforcement." In re Weekley Homes, L.P., 180 S.W.3d 127, 133 (Tex. 2005). The requisites of promissory estoppel are (1) a promise to the plaintiff; (2) foreseeability by defendant that plaintiff would rely on the promise; (3) substantial reliance by the plaintiff to its detriment; and (4) a finding that injustice can be avoided only by the enforcement of the promise. Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc., 995 F. Supp. 2d 587, 606 (N.D. Tex. 2014); Stanley v.

5

CitiFinancial Mortg. Co., 121 S.W.3d 811, 820 (Tex. App.--Beaumont 2003, pet. denied).

Plaintiff asserts the promissory estoppel claim against all defendants. It alleges that Repokis promised to sign the guaranty agreement, Doc. 58 at 13, ¶ 67, and that Keenan and Locke promised that Repokis had signed the guaranty agreement,[3] id. at 12, ¶¶ 63, 65. The purpose of the promise or the action induced thereby was the forbearance of collection of the note by plaintiff. Id. at 12, ¶ 64; 13, ¶¶ 66, 69. The facts alleged simply do not add up to a claim for promissory estoppel with regard to Repokis. That is, the facts alleged do not assert a plausible cause of action against her. Among other things, plaintiff has not shown how its reliance was foreseeable by Repokis, how actual reliance was reasonable, or why injustice can only be avoided by enforcement of the alleged promise.

D. Unjust Enrichment

To plead a claim for unjust enrichment, plaintiff must allege that the defendant has wrongfully secured a benefit that would be unconscionable to retain and that the benefit was secured by the taking of undue advantage of the plaintiff. Eun Bok Lee v. Ho Chang Lee, 411 S.W.3d 95, 111 (Tex. App.--Houston

---

[3] As noted in the discussion of Locke's motion to dismiss, the "promise" by Locke is no promise at all.

[1st Dist.] 2013, no pet.). In this regard, plaintiff simply pleaded:

> PPCN conferred a benefit on EmVation when it loaned the company $1,500,000. This loan benefited [sic] not only EmVation, but also Karen Repokis. . . Upon information and belief, Karen and Daryl Repokis received $200,000 in exchange for executing the Repokis Guaranty.
>
> By receiving and retaining the aforesaid benefit, Repokis took undue advantage of Plaintiff and has been unjustly enriched at Plaintiff's expense.
>
> Under principles of equity, Plaintiff is entitled to a repayment of the borrowed sum.

Doc. 58 at 14, ¶¶ 77-79. This bare-bones alleged recitation of the elements of a claim for unjust enrichment is insufficient to state a plausible claim. Twombly, 550 U.S. at 555 & n.3. Plaintiff has not pleaded any facts to show that Repokis obtained a benefit from another by fraud, duress, or the taking of an undue advantage. See Heldenfels Bros., Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992).

V.

Order

The court ORDERS that Repokis's motion to dismiss be, and is hereby, granted in part, and plaintiff's claims against Repokis for promissory estoppel and unjust enrichment be, and are hereby,

dismissed.

SIGNED December 28, 2017.

_____
JOHN McBRYDE
United States District Judge