

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MEZZ III, LLC, §
　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　§
VS. § NO. 4:17-CV-602-A
　　　　　　　　　　　　§
STEPHEN KEENAN, ET AL., §
　　　　　　　　　　　　§
　　　　Defendants. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Donald Locke ("Locke") to dismiss. The court, having considered the motion, the response of plaintiff, Mezz III, LLC, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On May 25, 2017, plaintiff filed its original petition for breach of promissory note in the District Court of Tarrant County, Texas, 141st Judicial District. On July 24, 2017, Locke filed his notice of removal, bringing the action before this court. Since that time, plaintiff has thrice amended its complaint. The third amended complaint was filed November 9, 2017. Doc.[1] 58.

---

[1] The "Doc. ___" reference is to the number of the item on the docket in this action.

In its third amended complaint (hereinafter "complaint"), plaintiff alleges:

In October 2009, EmVation, a company owned and operated by defendants, signed a promissory note secured by mortgage, a copy of which is attached as Exhibit 2 to the complaint.[2] Doc. 58 at 3, ¶ 10. Stephen Keenan ("Keenan") and Karen Repokis ("Repokis") personally guaranteed the note. Id. at 3-4, ¶¶ 11-12. On April 20, 2016, the lender, Private Placement Capital Notes II, LLC ("PPCN"), assigned the note, guarantees, and related agreements to plaintiff. Id. at 5, ¶14 & Ex. 1. In May 2016, Keenan, EmVation and Locke signed an acknowledgment agreement, which recognized the transfer of the note to plaintiff. Id. at 5, ¶ 16 & Ex. 1. Locke signed as chief administrative officer of EmVation and individually. In email exchanges with "Anderson" who is otherwise unidentified in the complaint, Locke "used the pronoun 'we' when referring to debtors' [sic] payment obligations." Id. at ¶ 17 & Ex. 1.

Plaintiff purports to assert seven causes of action against defendants. They are: breach of promissory note; breach of guaranty; breach of contract; promissory estoppel; unjust enrichment; fraud; and, civil conspiracy. All but breach of guaranty are asserted against Locke.

---

[2] The note reflects that the name of the borrower was EMVATION HR, INC.

2

II.

## Грounds of the Motion

Locke maintains that plaintiff has failed to state any plausible claims against him.

III.

## Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide

the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint

4

must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex.

1998). Thus, the particularity requirement for pleading fraud also governs conspiracy to commit fraud. In re Enron Corp. Secs., Derivative & ERISA Litig., 238 F. Supp. 3d 799, 817 (S.D. Tex. 2017).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

To state a claim for breach of promissory note, plaintiff was required to allege the existence of the note, that Locke signed the note, that plaintiff is the current holder of the note, and that a sum certain is due and payable. NCNB Tex. Nat'l Bank v. Goldencrest Joint Venture, 761 F. Supp. 32, 34-35 (N.D.

Tex. 1990). Here, plaintiff argues that it has pleaded that Locke signed the acknowledgment agreement. However, the note itself reflects that Locke is not a signatory.[3] Doc. 58, Ex. 2. The acknowledgment does not transform Locke into a debtor on a note he did not sign and that was not signed on his behalf. See Ted Trout Architect & Assocs., Ltd. v. Basaldua, No. 14-12-00547-CV, 2013 WL 4318695, at *7 (Tex. App.--Houston [14th Dist.] Aug. 15, 2013, no pet.). Plaintiff has not stated a claim for breach of the promissory note against Locke.

The elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009) (quoting Aguiar v. Segal, 167 S.W.3d 443, 450 (Tex. App.--Houston [14th Dist.] 2005, pet. denied)). Here, the only factual allegation made by plaintiff with regard to Locke's purported breach of the acknowledgment agreement is that

> on March 13, 2017, Donald Locke affirmatively represented to Anderson that he and his affiliates were exploring financing options regarding the payment of commissions. However, when Anderson subsequently asked

---

[3] The court does not need to consult the emails included in Locke's appendix, Doc. 61, to reach this conclusion. Emails are referenced in the complaint and could be considered if necessary.

> Donald Locke about the disposition of these
> transactions, Donald Locke failed to respond.

Doc. 58 at 6-7, ¶ 22. The acknowledgment agreement, however, only obligates Locke to disclose and divide any commission for any transaction that closes "during the Forebearance Term," which is defined to mean the "period of time from Effective Date [that is, May 4, 2016] through December 10, 2016." Id., Ex. 1, ¶¶ 7 & 8. Thus, a statement made in March 2017, about a transaction yet to close would not constitute a breach of the acknowledgment agreement as a matter of law. No other breaches are alleged.

Under Texas law, "[w]hen a promisor induces substantial action or forbearance by another, promissory estoppel prevents any denial of that promise if injustice can be avoided only by enforcement." In re Weekley Homes, L.P., 180 S.W.3d 127, 133 (Tex. 2005). The requisites of promissory estoppel are (1) a promise to the plaintiff; (2) foreseeability by defendant that plaintiff will rely on the promise; (3) substantial reliance by the plaintiff to its detriment; and (4) a finding that injustice can be avoided only by the enforcement of the promise. Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc., 995 F. Supp. 2d 587, 606 (N.D. Tex. 2014); Stanley v. CitiFinancial Mortg. Co., 121 S.W.3d 811, 820 (Tex. App.-- Beaumont 2003, pet. denied). Here, the only alleged promise by Locke is that "he promised that Karen Repokis had signed the

8

Repokis Guaranty." Doc. 58 at 12, ¶ 65. The "promise" is not a promise at all. As plaintiff itself notes, a promise is a declaration that binds the person who makes it to act or refrain from acting in a particular way. Doc. 64 at 12 (citing <u>Lozada v. Farrall & Blackwell Agency, Inc.</u>, 323 S.W.3d 278, 291 (Tex. App.--El Paso 2010, no pet.)). Locke's alleged promise does no such thing. Plaintiff has not pleaded a claim for promissory estoppel against Locke.

To plead a claim for unjust enrichment, plaintiff must allege that the defendant has wrongfully secured a benefit that would be unconscionable to retain and that the benefit was secured by the taking of undue advantage of the plaintiff. <u>Eun Bok Lee v. Ho Chang Lee</u>, 411 S.W.3d 95, 111 (Tex. App.--Houston [1st Dist.] 2013, no pet.). In this regard, plaintiff has pleaded:

> PPCN conferred a benefit on EmVation when it loaned the company $1,500,000. This loan benefited [sic] not only EmVation, but also Donald Locke. Indeed, Keenan admits that "Mr. Locke, Daryl Repokis, and Karen Repokis all benefited [sic] *significantly* from the Loan proceeds." . . .
>
> By receiving and retaining the aforesaid benefit, Locke took undue advantage of Plaintiff and has been unjustly enriched at Plaintiff's expense.
>
> Under principles of equity, Plaintiff is entitled to a repayment of the borrowed sum.

Doc. 58 at 14, ¶¶ 74-76. Simply reciting the elements of a claim (assuming plaintiff had done so) does not meet the requirements of Rule 8. Twombly, 550 U.S. at 555 & n.3. Plaintiff has not stated a claim for unjust enrichment against Locke.

To state a claim for fraud, plaintiff was required to plead that Locke made a material representation; the representation was false; Locke knew the representation was false or made it recklessly without any knowledge of the truth and as a positive assertion; Locke made the representation with the intent that plaintiff rely upon it; plaintiff acted in reliance on the representation; and plaintiff thereby suffered injury. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001). As the Fifth Circuit has explained, "Rule 9(b) requires the plaintiff to allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994).

Here, plaintiff alleged that Locke misrepresented to Anderson[4] that EmVation and the guarantors of its note had the ability to pay the balance due on the note. The misrepresentation allegedly induced plaintiff to delay exercising its rights under

---

[4] Again, Anderson is never described; nor does the complaint explain his relationship to plaintiff.

10

the note and "to enter into the transaction at issue," which is undefined.[5] Doc. 58 at 16, ¶ 88. Presumably, plaintiff meant to refer to the acknowledgment agreement. In any event, plaintiff admitted that the representations occurred after the collateral securing the note had been released. Id. at ¶ 86. Plaintiff conclusorily alleged that it "suffered substantial damages" but did not provide any facts to support the allegation of damages. Since the alleged misrepresentation was that the debtor and guarantors could repay the note when they really did not have that ability, an inference of harm resulting from delayed collection efforts logically does not follow. In other words, plaintiff has not shown that it was in any worse position in that it admits that further payments were made on the note after execution of the acknowledgment agreement. Doc. 58 at 6, ¶ 19. Moreover, plaintiff failed to plead what Locke allegedly obtained by making the misrepresentation. Tuchman, 14 F.3d at 1068.

Finally, plaintiff asserts a claim of civil conspiracy, which requires a showing of: two or more persons, an end to be accomplished, a meeting of minds on a course of action, one or more overt unlawful acts, proximately resulting in an injury. Arthur W. Tifford, P.A. v. Tandem Energy Corp., 562 F.3d 699,

---

[5]The complaint contains the heading "Transactions at Issue" at page 3, referring to execution of various documents attached to the complaint. Doc. 58 at 3. Confusingly, the complaint also contains a heading "Failure to Report Transactions," which concerns a different subject matter. Id. at 6.

11

709-10 (5th Cir. 2009). Civil conspiracy is not an independent cause of action, but a derivative claim dependent on an underlying tort. Id. Plaintiff's conspiracy allegations are even more conclusory than the fraud allegations. Here, however, plaintiff additionally asserts that at the time of the alleged misrepresentation, EmVation "had no assets and was no longer operating." Doc. 58 at 17, ¶ 92. It does not explain why it would not have known this or have been able to discover it. Plaintiff fails to plead any facts to support the conclusion that it suffered substantial damages as a result, even assuming it had properly pleaded its conspiracy claim. Rather, plaintiff simply lumps Keenan and Locke together, making the naked assertion that they agreed to defraud plaintiff. The allegations are insufficient to state a claim for conspiracy.

V.

Order

For the reasons discussed herein,

The court ORDERS that Locke's motion to dismiss be, and is hereby, granted.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the

dismissal of plaintiff's claims against Locke.

SIGNED December 28, 2017.

_____
JOHN McBRYDE
United States District Judge